UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IBA, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07 C 6219 |
| GANESAN VISVABHARATHY, an individual | ) ) ) ) | Judge Wayne R. Andersen |
| Defendant. | ) ) | |

## MOTION IN THE ALTERNATIVE TO SET ASIDE DEFAULT JUDGMENT

Defendant, Ganesan Visvabharathy, pursuant to Rule 60 of the Federal Rules of Civil Procedure, and in the alternative to his Motion to Set Aside Default Judgment and Quash Service, moves for an Order setting aside the default judgment entered in this matter in favor of plaintiff, IBA, LLC ("Indymac"). In support of his motion, Dr. Visvabharathy states as follows:

1.  This matter is one of three related guarantee actions arising out of loans made in connection with certain real estate projects in Florida. The other two are *Indymac Bank, F.S.B. v. Visvabharathy, et al.*, No. 07 C 6224 (Guzman, J.) and *Indymac Bank, F.S.B. v. Visvabharathy*, No. 07 C 6226 (Gottschall, J.). Indymac sought, and obtained, a default judgment in this action based on its representation that it served defendant, Dr. Visvabharathy, by abode service on December 1, 2008. However, the address where Indymac supposedly served him was not Dr. Visvabharathy's residence, but that of his estranged wife, where he had not lived for over a year. Dr. Visvabharathy learned of this matter only after an order of default was entered, and promptly appeared and filed a motion to set aside the default due to lack of service.[1]

---

[1] All three actions were delivered together, so all suffer from improper service. Dr. Visvabharathy has similarly raised the issue in the other two actions as well.

2. At Dr. Visvabharathy's initial appearance, the Court asked his counsel whether he would be willing to accept service, in which event the Court indicated it would immediately set aside the order of default. Counsel advised the Court that he was unauthorized to accept service at that time.

3. Since then, however, Dr. Visvabharathy has been working to try to resolve the service issue for all three matters. Over a month ago, he offered to provide his current address in India so that Indymac could serve him pursuant to Federal Rule of Civil Procedure 4(f), but Indymac did not even respond to the offer. (*See* March 7, 2008 email from counsel for Dr. Visvabharathy to counsel for Indymac, attached as Exhibit A). Dr. Visvabharathy, subsequently and repeatedly, has offered to accept service in this and the related cases, but Indymac will not agree unless he consents to prejudgment attachment. (*See* March 13, 2008 email from counsel for Dr. Visvabharathy to counsel for Indymac, attached as Exhibit B; April 2, 2008 email from Indymac's counsel, attached as Exhibit C).

4. This Court has taken under advisement Dr. Visvabharathy's Motion to Set Aside Default Judgment and Quash Service while it waits to see what happens in the matter pending before Judge Guzman – where the parties have submitted deposition testimony, documentary evidence, and legal argument on the issue of service. At the April 15th hearing before Judge Guzman, he indicated that it will be some time – at least weeks – before he decides the matter.

5. In the meantime, Indymac has been fully exploiting the judgment it improperly obtained. It is pressing forward with citations to discover assets, even while it concedes to counsel that its judgment is likely to be vacated. (*See* Ex. C).

6. The evidence gathered and submitted to Judge Guzman establishes conclusively that there was no proper abode service Dr. Visvabharathy. Indeed, his testimony and that of his

wife that he did not live at her home and had moved out more than a year prior is uncontroverted. Nevertheless, Dr. Visvabharathy would like to get past the service issue and present his defenses in this action. He also has a strong interest in ending the harassment of business partners by Indymac with a judgment it knows to be invalid.

7. Accordingly, and separately from the bases presented in his Motion to Set Aside Default Judgment and Quash Service, Dr. Visvabharathy respectfully asks that the Court set aside its default judgment based on his willingness to immediately accept service in this matter. If the Court instead desires a full discussion of the Rule 60(b) factors applicable to this matter, Dr. Visvabharathy requests a schedule for the parties to brief that matter.

8. In the alternative, Dr. Visvabharathy requests that the Court stay enforcement of the default judgment pending resolution of the service issue.

WHEREFORE, for the above reasons and those set forth in the accompanying Memorandum in Support, defendant Ganesan Visvabharathy requests that this Court enter an Order setting aside its March 24, 2008 default judgment and deeming him served with process or, in the alternative, staying enforcement of the default judgment pending resolution of Dr. Visvabharathy's Motion to Set Aside Default Judgment and Quash Service.

                                                        Respectfully submitted,

                                                        GANESAN VISVABHARATHY

                                                        By: /s/Daniel A. Shmikler
                                                               One of his attorneys

Bruce S. Sperling
Daniel A. Shmikler
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200
(312) 641-6492 (fax)

# EXHIBIT A

## Daniel Shmikler

**From:** Daniel Shmikler
**Sent:** Friday, March 07, 2008 11:08 AM
**To:** Gary I. Blackman
**Cc:** James G. Martignon; Bruce Sperling
**Subject:** RE: Indymac/Vish - Vish Motion to Quash Service of Summons

Gary,

We remain unauthorized to accept service, but I can advise you that Dr. Vish has taken up residence in India, and we can provide you with his address there so that he can be properly served pursuant to Fed. R. Civ. P. 4(f). Please let me know if you would like to pursue appropriate service at his actual residence.

Dan

---

**From:** Gary I. Blackman [mailto:gblackman@lplegal.com]
**Sent:** Wednesday, March 05, 2008 6:33 PM
**To:** Daniel Shmikler
**Cc:** James G. Martignon; Bruce Sperling
**Subject:** RE: Indymac/Vish - Vish Motion to Quash Service of Summons

I'll await your email. I offer again to give your client the time necessary to respond if he accepts service. This is a colossal waste of everyone's time.

---

**From:** Daniel Shmikler [mailto:DShmikler@sperling-law.com]
**Sent:** Tuesday, March 04, 2008 12:01 PM
**To:** Gary I. Blackman
**Cc:** James G. Martignon; Bruce Sperling
**Subject:** RE: Indymac/Vish - Vish Motion to Quash Service of Summons

Gary,

I had responded to Jim when we met at the courthouse last week -- I am working on getting updated dates from Dr. Vish and Dr. Sastri in light of the Court's delay of the hearing date.

We expect to call the two of them as witnesses. I presume you will call your process server – do you intend to call anyone else?

If it is just these three witnesses, we can schedule the hearing for a morning or an afternoon, and should probably have 3 alternative dates to present to the Court. I'll get back to you with dates we can do it, and would appreciate if you did the same.

Dan

---

**From:** Gary I. Blackman [mailto:gblackman@lplegal.com]
**Sent:** Monday, March 03, 2008 7:16 PM
**To:** Daniel Shmikler
**Cc:** James G. Martignon
**Subject:** RE: Indymac/Vish - Vish Motion to Quash Service of Summons

Dan, can I get a response on this? We are up on March 10 and I would like to be able to coordinate with you so we can get a hearing date that day. Thank you. Gary

3/13/2008

**From:** Gary I. Blackman
**Sent:** Friday, February 22, 2008 11:05 AM
**To:** 'dshmikler@sperling-law.com'
**Cc:** James G. Martignon; Steve A. James
**Subject:** Indymac/Vish - Vish Motion to Quash Service of Summons

Dan, I know we have a difference of opinion on the merits of your motion to quash service, but now that the judge is requiring that your client come to court and testify as to his true place of abode (after which, even if our initial service is bad, he will be served) now might be a good time for you to accept service and get the time you need to respond - which we will, of course, agree to give you. Otherwise, we are all wasting a lot of time and money with the end result being the same. If this is not agreeable to your client, let us know by the close of business Monday when Vish and his wife are available to testify so we can check our schedules before we have to report back to the court on Wednesday. Thank you.

Gary I. Blackman
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St. Suite 1300
Chicago, Illinois 60602
312.476.7536   Fax: 312.346.8434   Cell: 312.371.8961
gblackman@lplegal.com
www.lplegal.com



Please feel free to contact my assistant Candy Graham at 312.476.7651.

Levenfeld Pearlstein is committed to our environment. Please join us and consider not printing this e-mail unless necessary.

In conformity with U.S. Treasury Department Circular 230, tax advice contained in this communication and any attachments is not intended to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code, nor may any such tax advice be used to promote, market or recommend to any person any transaction or matter that is the subject of this communication and any attachments. The intended recipients of this communication and any attachments are not subject to any limitation on the disclosure of the tax treatment or tax structure of any transaction or matter that is the subject of this communication and any attachments.

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

--
This message has been scanned for viruses and
dangerous content by **MailScanner**, and is
believed to be clean.

Levenfeld Pearlstein is committed to our environment. Please join us and consider not printing this e-mail unless necessary.

In conformity with U.S. Treasury Department Circular 230, tax advice contained in this communication and any attachments is not intended to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code, nor may any such tax advice be used to promote, market or recommend to any person any transaction or matter that is the subject of this communication and any attachments. The intended recipients of this communication and any attachments are not subject to any

3/13/2008

limitation on the disclosure of the tax treatment or tax structure of any transaction or matter that is the subject of this communication and any attachments.

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

--

This message has been scanned for viruses and dangerous content by **MailScanner**, and is believed to be clean.

3/13/2008

# EXHIBIT B

## Daniel Shmikler

**From:** Daniel Shmikler
**Sent:** Thursday, March 13, 2008 10:47 AM
**To:** James G. Martignon
**Cc:** Gary I. Blackman; Bruce Sperling
**Subject:** Indymac v. Vish - service

Jim,

I haven't heard back from you regarding our conversation yesterday, or my subsequent voicemail. As I said in my message, much of the reason that our client is willing to enter into the compromise we offered regarding service of process is to avoid the expense of additional pleading on the issue. Accordingly, I asked whether, at a minimum, you would join an agreed motion to put over the remaining briefing for a week while we determine whether plaintiff will accept the proffered compromise. Otherwise, we will have to file our reply today in support of our motion to set aside the default order in the matter pending before Judge Gottschall, which may undermine my client's interest in our proposal. Please contact me immediately to advise whether you are amendable either to the compromise, or the agreed motion.

Dan

3/13/2008

# EXHIBIT C

**Daniel Shmikler**

| | |
|---|---|
| From: | Gary I. Blackman [gblackman@lplegal.com] |
| Sent: | Wednesday, April 02, 2008 2:14 PM |
| To: | Daniel Shmikler |
| Cc: | Bruce Sperling; James G. Martignon |
| Subject: | RE: Indymac/Vish |

First, congratulations on the new baby. As for the offer, we just don't see how we benefit. Your client has always had the ability to accept service and come in and ask for time and to vacate defaults. You don't need our permission for that and, as you well know, the likelihood of a judge not vacating a default when you are standing there saying you want time to respond is so low as to be non-existent. So our trust level is pretty low when you say you will accept service but want 90 days to respond to a guaranty claim filed 4 months ago. Its not a complicated claim. If Vish is serious about resolving this or offering something of value (if he can) and not just playing out the clock, we will always pick up the phone and talk but we are not interested in voluntarily waiting until July to start responding to motions to dismiss. Offer to accept service, 30 days to respond and agree to not dissipate assets and there may be something to talk about. Gary


-----Original Message-----
From: Daniel Shmikler [mailto:DShmikler@sperling-law.com]
Sent: Wednesday, April 02, 2008 11:52 AM
To: James G. Martignon
Cc: Gary I. Blackman; Bruce Sperling
Subject: Indymac/Vish

Jim,

I wanted to make sure you got my voicemail of yesterday regarding service. As I said, we have consulted with our client, and are again willing to accept service in all three federal guarantee actions, provided that we agree to (i) clear all defaults and judgments; and (ii) provide us with a reasonable time to respond in each, until July 1.

Please let me know today whether this is acceptable to you, in light of our hearing tomorrow in front of Judge Gottschall. I am away from the office due to the recent birth of our son, but you can reach me by email or on my cell, 773-266-3080.

Dan
P  Levenfeld Pearlstein is committed to our environment. Please join us and consider not printing this e-mail unless necessary.
In conformity with U.S. Treasury Department Circular 230, tax advice contained in this communication and any attachments is not intended to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code, nor may any such tax advice be used to promote, market or recommend to any person any transaction or matter that is the subject of this communication and any attachments. The intended recipients of this communication and any attachments are not subject to any limitation on the disclosure of the tax treatment or tax structure of any transaction or matter that is the subject of this communication and any attachments.

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

--
This message has been scanned for viruses and dangerous content by MailScanner, and is believed to be clean.

1

## CERTIFICATE OF SERVICE

I, Daniel Shmikler, an attorney, hereby certify that on April 18, 2008, I electronically filed **Defendant's Motion In The Alternative To Set Aside Default Judgment** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following persons listed below:

>Gary I. Blackman, Esq.
>James G. Martignon, Esq.
>Levenfeld Pearlstein, P.C.
>2 North LaSalle Street
>Suite 1300
>Chicago, Illinois  60602


>/s/Daniel A. Shmikler
>Daniel A. Shmikler